# EXHIBIT A

**EXHIBIT A**

**DEFENDANT UBER TECHNOLOGIES, INC.'S**
**INDEX OF MATTERS BEING FILED**

| Exhibit | Description | Date |
|---|---|---|
| A-1 | Civil Cover Sheet | 03/22/2024 |
| A-2 | State Court Docket Listing | 03/22/2024 |
| A-3 | Return of Service – Uber Technologies, Inc. | 03/01/2024 |
| A-4 | Plaintiff's Original Petition | 02/26/2024 |
| A-5 | Defendant Uber Technologies, Inc.'s Original Answer | 03/19/2024 |
| A-6 | List of all counsel of record | 03/22/2024 |

# EXHIBIT A-1

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFF(S)**

**Steve Stephens**

**(b)** County of Residence of First Listed Plaintiff: Cumberland County, NC

**(c)** Attorney: Thaison D. Hua
Rejas, Hua & Hoang, PLLC
4909 Bissonnet, Suite 100A
Bellaire, Texas 77401
713.300.5075 / F: 32.827.4178
E-Mail: thaison@rhhlawgroup.com
E-Mail: eservice@rhhlawgroup.com

**DEFENDANT(S)**

**Yasser Pineda and Uber Technologies, Inc.**

County of Residence of First Listed Defendant: Harris County

Attorneys for Uber Techs., Inc.:
Zach Mayer and Jessica Longoria
Mayer LLP
750 North Saint Paul Street, Suite 700
Dallas, Texas 75201
214.379.6900 / Fax 214.379.6939
E-Mail: zmayer@mayerllp.com
E-Mail: jlongoria@mayerllp.com

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☒ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury – Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury – Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer.w/Disabilities - Employment
- ☐ 446 Amer.w/Disabilities - Other
- ☐ 440 Education

**PRISONER PETITIONS**

**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee – Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employment Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent – Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIAA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

(Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
**28 U.S.C. § 1332(a) and 1446**

Brief description of cause:
**Personal injury arising from a motor vehicular collision**

## VII. REQUESTED IN COMPLAINT

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND** Over $75,000

CHECK YES only if demanded in complaint: **JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See Instructions): JUDGE ___ ______________________ DOCKET NUMBER

DATE
March 22, 2024

/s/ ***Jessica Longoria***
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ____________ AMOUNT ____________ APPLYING IFP ________________ JUDGE ____________________ MAG. JUDGE ____________________________

# EXHIBIT A-2

DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 113376101 | Defendant Uber Technologies, Inc.'s Original Answer to Plaintiff's Original Petition | | 03/19/2024 | 9 |
| 113114263 | Citation Corporate - Uber Technologies - Executed | | 03/04/2024 | 3 |
| 112992581 | eIssue: Citation Corporate | | 02/27/2024 | 2 |
| 112992618 | eIssue: Citation | | 02/27/2024 | 2 |
| 112990330 | Plaintiff's Original Petition and Jury Demand | | 02/26/2024 | 7 |
| ·> 112990331 | Request for Issuance of Service | | 02/26/2024 | 1 |
| ·> 112990332 | Request for Issuance of Service | | 02/26/2024 | 1 |

# EXHIBIT A-3

3/4/2024 4:09 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 85175255
By: DAVIA FORD
Filed: 3/4/2024 4:09 PM

CAUSE NO. 202412269

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 1011299

TRACKING NO: 74293969

| | |
|---|---|
| Plaintiff:<br>STEPHENS, STEVE<br>vs.<br>Defendant:<br>PINEDA, YASSER | In The 113th<br>Judicial District Court of<br>Harris County, Texas<br>201 CAROLINE<br>Houston, Texas |

**CITATION CORPORATE**

**THE STATE OF TEXAS**
**County of Harris**

**To: UBER TECHNOLOGIES INC (A CORPORATION) BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900, DALLAS TX 75201**
**OR WHEREVER IT MAY BE FOUND**

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

This instrument was filed on February 26, 2024 in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

This citation was issued on February 27, 2024, under my hand and seal of said court.

Issued at the request of:

HUA, THAISON DANNY
4909 BISSONNET ST. SUITE 100A

BELLAIRE, TX 77401
713-300-5075
Bar Number: 24097852

DISTRICT COURT OF HARRIS COUNTY TEXAS

Marilyn Burgess

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By:NELSON CUERO

Copy from re:SearchTX

Tracking Number: 74293969

**CAUSE NUMBER: 202412269**

| | |
|---|---|
| **PLAINTIFF: STEPHENS, STEVE** | **In the 113th** |
| **vs.** | **Judicial District Court of** |
| **DEFENDANT: PINEDA, YASSER** | **Harris County, Texas** |

OFFICER - AUTHORIZED PERSON RETURN

Came to hand at ________ o'clock ___. M. on the __________ day of ___________________________, 20______. Executed at

(Address)______________________________________________________________________________ _________ in

______________________ County at o'clock ___. M. On the __________ day of ___________________________, 20______, by

Delivering to _____________________________________________________defendant, in person, a true copy of this Citation together with the accompanying _______ copy (ies) of the «Attachment». Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _________________day of ____________________________________, 20.

Fees $____________________________

__________________________________________________

By____________________________________________

Affiant Deputy

On this day, ________________________________________________________, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _______ day of ____________________________________, 20___.

______________________________________________

Notary Public

Copy from re:SearchTX

**CAUSE NUMBER: 2024-12269**

**STEVE STEPHENS**
**PLAINTIFF**

**VS.**

**IN THE 113TH JUDICIAL DISTRICT COURT OF HARRIS COUNTY, TEXAS**

**YASSER PINEDA AND UBER TECHNOLOGIES, INC.**
**DEFENDANT**

## RETURN OF SERVICE

My name is **D'ANN WATHEN**. I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: 1320 Quitman St. , Houston TX , 77009, U.S.A.

ON **Wednesday February 28, 2024 AT 10:04 AM - CITATION CORPORATE**, **PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND** came to hand for service upon **UBER TECHNOLOGIES INC (A CORPORATION) BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM**.

On **Friday March 01, 2024** at **12:12 PM-** The above named documents were hand delivered to: **UBER TECHNOLOGIES INC (A CORPORATION) BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM @ 1999 BRYAN STREET, SUITE 900, DALLAS, TX 75201**, by delivering to Shaina Fenimore, designated agent authorized to accept service.

**FURTHER AFFIANT SAYETH NOT.**

STATE OF TEXAS DECLARATION

"My name is **D'ANN WATHEN,** my date of birth is 12/20/1971 my business address is 1320 Quitman St. , Houston TX , 77009, U.S.A.**,** and I declare under penalty of perjury that this affidavit is true and correct."

Executed in **Texas County, State of Texas on Monday March 04, 2024**

**PSC#6602 EXP. 06/30/25**
Declarant; Appointed in accordance with State Statutes.

**2024.02.852483**

efile@courtrecords.com

Copy from re:SearchTX

# EXHIBIT A-4

2/26/2024 10:09 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 84926190
By: Nelson Cuero
Filed: 2/26/2024 10:09 PM

2024-12269 / Court: 113

**CAUSE NO. ____________________**

| | | |
|---|---|---|
| **STEVE STEPHENS** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| | § | |
| **V.** | § | **HARRIS COUNTY, T E X A S** |
| | § | |
| **YASSER PINEDA AND** | § | |
| **UBER TECHNOLOGIES, INC.** | § | **___ JUDICIAL DISTRICT** |

**PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, **STEVE STEPHENS**, Plaintiff in the above entitled and numbered cause, complaining of and against **YASSER PINEDA** and **UBER TECHNOLOGIES, INC.**, Defendants herein, and for causes of action would respectfully show unto the Court the following:

## I. DISCOVERY CONTROL PLAN AND DISCOVERY REQUESTS

1.0 Discovery is intended to be conducted under Level 2 of the Texas Rules of Civil Procedure 190.

## II. PARTIES

2.0 Plaintiff is a resident of Cumberland County, North Carolina.

2.1 Defendant, **YASSER PINEDA,** is an individual residing in the State of Texas and may be served with service of process at his last known address, 10801 Legacy Park Dr., Houston, Texas 77064, or wherever he may be found.

2.2 Defendant, **UBER TECHNOLOGIES, INC.**, is a corporation, and may be served with process herein by serving its Registered Agent, CT CORPORATION SYSTEM, with address at 1999 BRYAN ST., STE. 900 DALLAS, TX 75201, or wherever it may be found.

Unofficial Copy Office of Marilyn Burgess District Clerk

**III.**
**JURISDICTION & VENUE**

3.0 Venue is proper in Harris County, Texas, pursuant to Tex. Civ. Prac. & Rem. Code §15.001 *et seq*., because all or a substantial part of the events or omissions giving rise to the claims arose in Harris County, Texas. This Court has jurisdiction over the parties and subject matter hereof. The amount in controversy exceeds the minimum jurisdictional limits of this Court.

**IV.**
**FACTS**

4.0 On or about March 29, 2022, Defendant, **YASSER PINEDA** was driving a 2020 Ford Explorer SUV when suddenly, Defendant, **YASSER PINEDA**, among other things, failed to keep a proper lookout and was backing out of a marked parking space when Plaintiff, **STEVE STEPHENS**, had not cleared the area. Plaintiff's foot was underneath Defendant, **YASSER PINEDA's** vehicle and was caught below the tire during the reverse causing Plaintiff's flesh to be torn from the foot and ankle bones, as well as causing a debilitating ankle torsion. As a result of Defendant **YASSER PINEDA'S** negligent acts and omissions, Plaintiff sustained serious and disabling personal injuries that have required extensive medical treatment.

4.1 At such time, Defendant, **YASSER PINEDA,** was working in the course and scope of his employment with **UBER TECHNOLOGIES, INC.**

**V.**
**AGENCY AND RESPONDEAT SUPERIOR**

5.0 Whenever in Plaintiff's Original Petition it is alleged that Defendants did any act, it is meant that Defendants or employees, agents, officers, representatives, or servants did such act or failed to do such act, and at the time such act or omission occurred, it was with full knowledge, authorization or ratification of Defendants or done in the normal routine, course and scope of such agency or employment of Defendant. Under the doctrine of *Respondeat Superior*,

Unofficial Copy Office of Marilyn Burgess District Clerk

Defendants are liable to Plaintiffs for the conduct or omissions of their employees, agents or servants.

## VI.
## NEGLIGENCE OF DEFENDANTS

**A. YASSER PINEDA**

6.0 The above-described accident made the basis of this suit was proximately caused by Defendant **YASSER PINEDA**, when he was operating the aforementioned vehicle in a negligent and careless manner in one or more of the following respects, which may be shown at the trial of this cause:

1. In failing to keep a proper lookout and in willful and wanton disregard for the safety of persons and property in violation of Tex Transp. Code Ann §545.053;
2. Driver inattention;
3. Failing to properly apply his brakes as a person using ordinary care would have done in violation of § 545.351. of the Texas Transportation Code;
4. Failing to take proper evasive action;
5. Reckless driving;
6. In failing to operate the vehicle in a reasonable and prudent manner; and
7. All other acts and/or omissions that may be shown at the trial of his matter.

6.1 Each of these acts and omissions, singularly or in combination with others, constitute negligence which was the proximate cause of this incident, and the injuries sustained by Plaintiff. Additionally, Defendant's acts or omissions in violating the Texas Transportation Code as listed above constitute negligence per se.

**B. UBER TECHNOLOGIES, INC.**

6.2 The above-described collision was proximately caused by the negligence of Defendant, **UBER TECHNOLOGIES, INC.,** as Defendant **YASSER PINEDA** was acting as an agent and/or

Unofficial Copy Office of Marilyn Burgess District Clerk

servant while in the course and scope of his employment for Defendant **UBER TECHNOLOGIES, INC.** As such, Defendant **UBER TECHNOLOGIES, INC.** is responsible for the conduct of Defendant **YASSER PINEDA** due to the master-servant relationship which existed, and under the doctrine of *Respondeat Superior*.

6.3 Defendant **UBER TECHNOLOGIES, INC.** breached the duty owed to the Plaintiff to exercise reasonable care by committing the following acts and/or omissions:

a. Failing to train Defendant **YASSER PINEDA** to not to travel at unsafe rates of speed;

b. Failing to supervise the conduct of its drivers;

c. Failing to train drivers regarding distracted driving on public roadways;

d. Failing to evaluate the qualifications of Defendant **YASSER PINEDA**;

e. Failing to train, supervise and implement safety policies for its drivers; and

f. All other acts and/or omissions that may be shown at the trial of this matter.

Each and all of the aforementioned acts, both of omission and commission, as well as those yet to be discovered, constitute negligence and all of such acts were a proximate cause of the collision made the basis of this suit and Plaintiff's severe injuries.

## VII.
## DAMAGES

7.0 Said elements of damage which Plaintiff seeks to recover from Defendants include compensation for the following:

1. The physical pain and mental anguish sustained by Plaintiff from date of injury to the time of trial;

2. The physical pain and mental anguish that Plaintiff will suffer in the future;

3. Reasonable and necessary medical expenses incurred by Plaintiff in the treatment of Plaintiff's injuries from date of injury to time of trial;

Unofficial Copy Office of Marilyn Burgess District Clerk

4. Reasonable and necessary medical expenses reasonably anticipated to be sustained by Plaintiff in the future for treatment of Plaintiff's injuries;

5. Past and future physical disfigurement; and

6. Past and future physical impairment.

As such, Plaintiff affirmatively pleads that he seeks monetary relief over $200,000.00, but not more than $1,000,000.00.

**VIII.**
**REQUEST FOR JURY TRIAL**

8.0 Plaintiff requests a jury trial.

**IX.**
**ALTERNATIVE PARAGRAPH NO. 1**

9.0 In the alternative, Plaintiff would show that if any injury and/or condition from which he currently suffers was pre-existing, then such condition was aggravated and/or exacerbated by the negligence of the Defendants herein.

**X.**
**ALTERNTIVE PARAGRAPH NO. 2**

10.0 In the alternative, Plaintiff would show that if he suffers from any subsequent injury and/or condition, then such injury and/or condition was aggravated and/or exacerbated by the negligence of the Defendants herein.

**XI.**
**ADDITIONAL AGGRAVATING, RECKLESS AND/OR DANGEROUS CONDUCT REPRESENTING STATUTORY GROSS NEGLIGENCE AND PUNITIVE DAMAGES**

11.0 Plaintiff would further show that the negligent acts and/or omissions of Defendants **YASSER PINEDA AND UBER TECHNOLOGIES, INC.**, as set forth above constitute an entire want to care as to indicate that such acts and/or omissions were the result of conscious indifference to the rights, safety and welfare of others, including Plaintiff **STEVE STEPHENS** and thus amount to gross negligence as that term is defined by the laws of the State of Texas. As such, the jury should consider assessing punitive or exemplary damages.

Unofficial Copy Office of Marilyn Burgess District Clerk

11.1 The acts and/or omissions of the Defendants when viewed objectively from their standpoint at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Further, the Defendants had actual, subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of others, including Plaintiff **STEVE STEPHENS**. Thus, the Defendants are liable for gross neglect and exemplary damages.

Unofficial Copy Office of Marilyn Burgess District Clerk

## XII.
## RANGE OF DAMAGES

12.0 By order of the Texas Supreme Court effective March 1, 2013, in an effort to further invade the province of the jury system, the Court has modified TEXAS RULE OF CIVIL PROCEDURE 47(c) and now requires Plaintiff to state a range of damages. Although Plaintiff believes that such an act impermissibly invades the province of the jury, and that by doing so, suggests that jurors are unable to carry out their constitutional obligation to decide this case based upon the facts and arrive at a full and fair measure of damages suffered by Plaintiff, Plaintiff is forced to comply with this order. Ultimately, Plaintiff will ask a jury of his/her peers to assess a fair and reasonable amount of money damages as compensation for their loss. However, by mandate of the Texas Supreme

12.1 Court and in accordance with the TEXAS RULE OF CIVIL PROCEDURE, Plaintiffs seek monetary relief over $ 200,000.00, but not more than $1,000,000.00. However, Plaintiff reserves the right to either file a trial amendment or an amended pleading on this issue should subsequent evidence show this figure to be either too high or too low.

## XIII.
## NOTICE OF INTENT TO USE DOCUMENTS PRODUCED BY DEFENDANT(S) IN RESPONSE TO PLAINTIFF(S) WRITTEN DISCOVERY PURSUANT TO TEXAS RULES OF CIVIL PROCEDURE, RULE 193.7

13.0 Plaintiff hereby serves notice, that Plaintiff intends to use any and all documents produced by the Defendants in response to written discovery propounded to the Defendants. As such, the produced documents are self-authenticating pursuant to TRCP, Rule 193.7.

## XIV.
## PLAINTIFF(S) REQUEST FOR NOTICE BY DEFENDANT(S) OF INTENT TO SEEK ADMISSION OF CRIMINAL CONVICTIONS OF WITNESSES PURSUANT TO TEXAS RULES OF EVIDENCE, RULE 609(f)

14.0 Plaintiff hereby serves notice to the Defendants, pursuant to TRCE, Rule 609(f), that

Plaintiff demands timely written notice by Defendants that Defendants intend to seek admission of criminal convictions, as defined in TRCE, Rule 609(a) against any witness designated by any party as a relevant fact witness, testifying expert witness and/or any consulting expert witness whose mental impressions or opinions have been reviewed by a testifying expert witness.

**XV.**
**REQUEST FOR INITIAL DISCLOSURES**

15.0 Pursuant to Rule 194.2, 194.3, and 194.4 of the Texas Rules of Civil Procedure, you are hereby requested to disclose, within thirty (30) days of after the filing of the first answer or general appearance unless a different time is set by the parties' agreement or court order, the information and material described in Rule 194.2(b)(1) through (b)(12).

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that these Defendants be cited to appear and answer herein, and that upon final trial hereof, Plaintiff recovers judgment from said Defendants, jointly and severally, in an amount determined by a jury to be over $ 200,000.00, but not more than $1,000,000.00, including damages of any kind, costs of Court, pre-judgment and post-judgment interest at the legal rate, and demand for judgment for all other relief to which the Plaintiff deemed himself entitled, at law and in equity.

Respectfully submitted,

**REJAS, HUA & HOANG, PLLC**

*/s/ Thaison D. Hua*
**THAISON D. HUA**
SBN: 24097852
4909 Bissonnet, Suite 100A
Bellaire, TX 77401
713/300-5075 Main
832/827-4178 Facsimile
**E-Service Email Only:*
eservice@rhhlawgroup.com
**General Correspondence Email:*
thaison@rhhlawgroup.com

**ATTORNEY FOR PLAINTIFF**

Unofficial Copy Office of Marilyn Burgess District Clerk

# EXHIBIT A-5

3/19/2024 2:59 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 85718918
By: Mariyah Fritz
Filed: 3/19/2024 2:59 PM

**CAUSE NO. 2024-12269**

| | | |
|---|---|---|
| **STEVE STEPHENS** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **113TH JUDICIAL DISTRICT** |
| | § | |
| **YASSER PINEDA AND** | § | |
| **UBER TECHNOLOGIES, INC.** | § | |
| | § | |
| *Defendants.* | § | **HARRIS COUNTY, TEXAS** |

**DEFENDANT UBER TECHNOLOGIES, INC.'S**
**ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION**

Uber Technologies, Inc. (hereinafter referred as "Defendant"), hereby files its Original Answer to Plaintiff's Original Petition ("the Petition") as follows:

## I.
## GENERAL DENIAL

1. Defendant denies each and every, all and singular, the material allegations contained within Plaintiff's pleadings and demands strict proof thereof.

## II.
## AFFIRMATIVE DEFENSES

2. Pleading further, and by way of affirmative defense, the injuries and damages of the Plaintiff, if any, made the basis of this lawsuit, were solely caused by the acts or omissions of a party or parties other than this Defendant and over whom it possessed no right of control, and for whom this Defendant is not responsible at law.

3. Defendant has no employment or agency relationship with Defendant Yasser Pineda ("Pineda") and therefore Defendant is not legally responsible for Defendant Pineda's alleged acts or omissions. Defendant would show that Defendant Pineda was an independent contractor as a matter of law, and not an employee or agent of Defendant. Therefore, Defendant is not responsible at law for his alleged acts or omissions.

4. Defendant would further show that at no time did it control the work performed by Yasser Pineda, including the means and methods of how he carries out his independent business, and/or direct the work to be performed by Defendant Yasser Pineda or any other defendant, and that there was never an equal right of control between this Defendant, Defendant Pineda, and any other defendant. Defendant would further show that Defendant Pineda, was an independent contractor as a matter of law, and not an employee or agent of Defendant. Therefore, Defendant is not responsible at law for his alleged acts and/or omissions. *See* Tex. Occ. Code § 2402.114.

5. Defendant asserts that co-defendant Yasser Pineda is contractually obligated to defend, indemnify and hold Defendant Uber harmless for all claims asserted by Plaintiff against Defendant Uber.

6. At no time or place set forth in the Petition did any other defendant or third person alleged to be at fault or operate as the agent or employee of this Defendant, such that this Defendant can be held vicariously liable for their acts. Should any other

defendant or third party be deemed to have any affiliation with this Defendant, then such other defendant or third party was independently responsible for their own acts or omissions. Accordingly, the doctrines of respondeat superior and agency are inapplicable and this Defendant has no vicarious liability for acts or omissions by said other defendants or third parties.

7. Pleading further, Defendant hereby affirmatively pleads that Plaintiff engaged in acts, including acts of negligence, which caused Plaintiff's alleged damages. Therefore, Plaintiff is barred, in whole or in part, from recovering any damages from Defendant.

8. Plaintiff's claims or causes of action are barred, in whole or part, because Plaintiff's alleged damages were caused by a new and independent cause or causes which break the casual chain between any alleged conduct, by act or omission of Defendant.

9. Plaintiff's claims or causes of action are barred, in whole or in part, because of subsequent intervening, superseding acts which break the casual chain between any alleged conduct, by act or omission of Defendant.

10. Defendant asserts that Plaintiff failed to mitigate his own damages, if any, and any damages awarded should be reduced by the amount Plaintiff could have avoided.

11. Defendant asserts that Plaintiff's alleged injuries and damages, if any, were not caused by Defendant, but were the result of an unavoidable accident.

12. Plaintiff is barred, in whole or in part, from recovering damages for injuries or damages, if any, that are the result of pre-existing conditions or subsequent-existing conditions that were not due to any alleged act of negligence.

13. Defendant asserts that the medical treatment claimed by Plaintiff is excessive and unnecessary and that the medical expenses claimed by Plaintiff are unreasonable and unnecessary and were not proximately caused by any act or omission by Defendant.

14. Defendant asserts the medical treatment received or to be received by Plaintiff for the alleged injuries complained of herein are unrelated or not caused by the accident complained of herein.

15. Defendant requests that the trier of fact, as to each cause of action asserted, determine the percentage of responsibility of each claimant, each defendant, each settling party, and each responsible third-party who has been designated under Section 33.004 of the Texas Civil Practice & Remedies Code.

16. Defendant asserts that it is, or may be, entitled to certain credits, off-sets, contribution, or indemnity pursuant to the common law of the State of Texas, Chapter 32, and Chapter 33 of the Texas Civil Practice & Remedies Code.

17. Pleading further and without waiving the foregoing, Defendant would show that it owed no duty to Plaintiff.

18. Should any and all costs incurred or paid by Plaintiff for repair of property damage, medical care, dental care, custodial care, rehabilitation services, loss of earning, or other economic loss, in the past or future, be replaced or indemnified, in whole or in part, from one or more collateral sources, including by or through insurance available to Plaintiff under the terms of the Patient Protection and Affordable Care Act, Defendant is entitled to have any award reduced in the amount of such payments.

19. Plaintiff is further limited in his recovery of medical or health care expenses, if any, to the amount actually paid or incurred by or on the Plaintiff's behalf pursuant to TEX. CIV. PRAC. & REM. CODE § 41.0105, including the pre-trial exclusion of all evidence of medical expenses that have been adjusted or written off, and therefore not paid or incurred as contemplated under TEX. CIV. PRAC. & REM. CODE § 41.0105.

20. The calculation of post-judgment interest is governed by TEX. FIN. CODE §304.003(c).

21. Pre-judgment interest is disallowed on future damages. TEX. FIN. CODE §304.1045.

22. Defendant alleges that the Petition and each cause of action set forth therein is barred, in whole or in part, by the Communications Decency Act, 47 U.S.C. § 230, et al.

23. The subject matter of this dispute is subject to and falls within the scope of an Arbitration Agreement between Plaintiff and Defendant as part of signing up for the Uber Application and should be brought before a qualified arbitrator rather than this

Court.

24. This Defendant hereby gives notice that it intends to rely upon such other defenses or denials, affirmative or otherwise, and to assert third-party claims and any other claims, as may become available or appear during discovery as it proceeds in this matter, and hereby reserves the right to amend its Original Answer to assert such defenses.

## III.
## SPECICAL EXCEPTIONS

25. Defendant specifically excepts to ¶¶ 11.0 and 11.1 of Plaintiff's Original Petition, wherein Plaintiff alleges Defendant was reckless and/or grossly negligent and that Plaintiff should be awarded punitive damages. These allegations are vague, general, and constitute merely a legal conclusion that does not provide fair notice of the facts and/or basis of these contentions, as required by Texas Rules of Civil Procedure 45 and 47, thereby rendering it impossible for Defendant to adequately prepare a defense thereto. *Id*. These allegations should be stricken in their entirety, or in the alternative and pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff should be required to amend and replead within ten (10) days to specify: (i) the acts and/or omissions of this Defendant constituting the gross negligence and malice element, and (ii) what measures this Defendant allegedly failed to take.

**IV.**
**TEX. R. CIV. P. 193.7 NOTICE**

26. Pursuant to Texas Rules of Civil Procedure 193.7, Defendant hereby notifies all parties of their intention to use all documents exchanged and produced between the parties in discovery, including but not limited to correspondence, discovery responses, and deposition exhibits during any pretrial proceeding and/or the trial of the case.

**V.**
**RESERVATION OF THE RIGHT TO AMEND**

27. Defendant hereby reserves the right to amend their answer, affirmative defenses, and pleadings in accordance with the Texas Rules of Civil Procedure, any scheduling or other order issued by the Court, and the agreement of the parties.

**VI.**
**PRAYER**

Defendant Uber Technologies, Inc. prays that Plaintiff take nothing by this lawsuit, that Defendant go hence with its costs without delay, and for such other and further relief, both general and special, at law and in equity, to which Defendant may show to be justly entitled.

Respectfully submitted,

**MAYER LLP**

By: */s/ Zach T. Mayer*
Zach T. Mayer
State Bar No. 24013118
E-mail: zmayer@mayerllp.com
David C. Larsen
State Bar No. 24117393
E-Mail: dlarsen@mayerllp.com
Jessica Longoria
State Bar No. 24115495
E-Mail: jlongoria@mayerllp.com
750 North St. Paul, Suite 7000
Dallas, Texas 75201
214.379.6900 / Fax 214.379.6939
**COUNSEL FOR DEFENDANT**
**UBER TECHNOLOGIES, INC.**

## CERTIFICATE OF SERVICE

This is to certify that on the 19th day of March, 2024, a true and correct copy of the foregoing has been forwarded to all counsel of record as follows:

***Via E-Service***
Thaison D. hua
thaison@rhhlawgroup.com
4909 Bissonnet, Suite 100A
Bellaire, TX 77401
**Attorney for Plaintiff**

*/s/ David C. Larsen*
David C. Larsen

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Tara Peck on behalf of David Larsen
Bar No. 24117393
tpeck@mayerllp.com
Envelope ID: 85718918
Filing Code Description: Answer/ Response / Waiver
Filing Description: Defendant Uber Technologies, Inc.'s Original Answer to Plaintiff's Original Petition
Status as of 3/19/2024 3:20 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jessica Longoria | | jlongoria@mayerllp.com | 3/19/2024 2:59:36 PM | SENT |
| Tara V.Peck | | tpeck@mayerllp.com | 3/19/2024 2:59:36 PM | SENT |

# EXHIBIT A-6

## LIST OF COUNSEL OF RECORD

***For Plaintiff Steve Stephens***

**REJAS, HUA & HOANG, PLLC**
4909 Bissonnet, Suite 100A
Bellaire, Texas 77401
Telephone: (713) 300-5075
Fax: (832) 827-4178

Thaison D. Hua
State Bar No. 24097852
Southern District Bar No. 3371088
thaison@rhhlawgroup.com
eservice@rhhlawgroup.com

***For Defendant Uber Technologies, Inc.***

**MAYER LLP**
750 N. St. Paul Street, Suite 700
Dallas, Texas 75201
Telephone: (214) 379-6900
Facsimile: (214) 379-6939

Zach T. Mayer
State Bar No. 24013118
Southern District Bar No. 604832
Email: zmayer@mayerllp.com

Jessica K. Longoria
State Bar No. 24115495
Southern District Bar No. 3811277
Email: jlongoria@mayerllp.com